UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81036-CIV-ZLOCH

GUARANTY BANK,

    Plaintiff,

vs.   **FINAL ORDER OF DISMISSAL**

DUANE J. STILLER, DALIA P.
STILLER, and NORTHERN TRUST
CORPORATION,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of its Complaint (DE 1) on July 15, 2009. The Court notes that its jurisdiction in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

    Section 1332 provides that where a complaint is founded on diversity of citizenship, a federal court may maintain jurisdiction over the action only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(2006). The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. As Justice Stone stated in reference to § 1332 in <u>Healy v. Ratta</u>, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate

federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

These dictates stem from the fact that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see, e.g., 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3602 (2d ed. 1984).

A review of the Complaint (DE 1) filed herein reveals that the requisite diversity of citizenship of the Parties is not apparent on its face. The Complaint states, in relevant part:

> 5. Guarantor is an individual who resides in the State of Florida and is *sui juris*.
>
> 6. Mrs. Stiller is an individual who resides in the State of Florida and is *sui juris*.
>
> 7. Northern Trust is a foreign corporation authorized to do business in Florida and is *sui juris*.

DE 1, ¶¶, 5-7.

The Complaint fails to sufficiently allege the citizenship of Defendants for the Court to determine whether it has jurisdiction over the above-styled cause. See Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001). Residency

is not the equivalent of citizenship for diversity purposes.  See 13B Wright & Miller, supra § 3611.  The citizenship of Defendants Duane J. Stiller and Dalia P. Stiller is not found elsewhere in the record.  Additionally, because the principal place of business and state of incorporation of Defendant Northern Trust are similarly missing from the record, the citizenship of this Defendant is also insufficiently pled.  Therefore, because Plaintiff has failed to allege properly the citizenship of Defendants, it has failed to meet the initial burden of establishing this Court's jurisdiction over the above-styled cause.

In dismissing the above-styled cause due to Plaintiff's failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds. But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds. Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir.

2006).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED** without prejudice in that the Court lacks subject matter jurisdiction over the same; and

2. To the extent not otherwise disposed of herein, all pending Motions be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___24th___ day of August, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record